**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.A., N.A., and J.B.**

**No. 22-0426** (Kanawha County 21-JA-425, 21-JA-426, and 21-JA-427)

**MEMORANDUM DECISION**

Petitioner Mother S.M.[1] appeals the Circuit Court of Kanawha County's May 2, 2022, order terminating her parental rights to K.A., N.A., and J.B.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating, in part, the January 25, 2022, adjudicatory order, vacating the May 2, 2022, dispositional order, and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In July 2021, the DHHR filed a petition alleging abuse and neglect by petitioner and the children's fathers. Although the petition makes multiple references to "the children," the vast majority of the allegations in the petition are specific to K.A. and N.A. At the time the petition was filed, J.B. was already placed in a legal guardianship with a relative. The petition includes statements from J.B.'s legal guardian, who indicated that "she took legal custody of [J.B.] through Family Court because her son [the child's father] was on heroin and [petitioner] was unable to keep a stable home." J.B.'s guardian "also stated that [J.B.] was sexually abused by a neighbor, and this was another reason she took custody" of the child. J.B.'s guardian explained that she permitted J.B. to visit the home at least once following her having obtained legal guardianship of the child, but, relevant to this appeal, she did not indicate that J.B. was exposed to any domestic violence during that visit. These statements constitute the only allegations concerning J.B. in the petition. As to the other children, the petition contained a litany of allegations, including the unsafe conditions of the home and K.A.'s and N.A.'s poor hygiene.

---

[1]Petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew Waight. Counsel Jennifer L. Anderson appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

At adjudication, the court accepted petitioner's stipulation to domestic violence. However, neither petitioner's written stipulation, if one was tendered, nor the transcript of the adjudicatory order were included in the appendix record on appeal. Accordingly, the only available document pertinent to adjudication is the court's adjudicatory order. This order was a form document containing quoted statutory language with blanks next to each "finding" where the court could include a checkmark to indicate that the finding was being made and a blank line where a name could be handwritten in order to designate to whom the finding applied. In handwriting on a blank line, the order indicates that petitioner elected to stipulate to "domestic violence." This is the only finding contained in the order as to the basis for petitioner's adjudication. The court went on to find—by checking boxes—that the three children listed in the petition were abused and neglected and that petitioner was an abusing parent. We stress that the adjudicatory order contains no specific findings of fact or conclusions of law. Because of the limited scope of petitioner's adjudication, the lone allegation at issue in this appeal is that petitioner and one of the children's fathers engaged in domestic violence in the home.

In May 2022, the circuit court held the final dispositional hearing. Prior to the hearing, petitioner filed a motion for a post-adjudicatory improvement period, but the record does not reveal a ruling on this motion. Based on the evidence, the court voiced its concern that petitioner "ha[d] stabbed two separate people in her life," both of whom had been domestic partners. The court reasoned that "whether or not those were in defense of herself or trying to exit a bad situation, the fact that these things have occurred and could occur in the future around the children is not acceptable." The court then went on to consider several factors for which petitioner was not adjudicated, such as her drug use. The court also considered allegations that J.B. was allegedly sexually abused while in petitioner's care and that petitioner's boyfriend "is someone who has had either [sexual abuse] allegations in the past, but definitely has had skirmishes with the law." The court concluded that "these are things that I don't think have been resolved and are not likely to be resolved." Similar to the adjudicatory order, the dispositional order constitutes a form containing language from applicable statutes with a blank space for checkmarks to indicate that "findings" have been made and a space for handwriting the names of any adult or child to whom these "findings" are meant to apply. By checking boxes, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future because she failed to follow through with the family case plan and other rehabilitative services and that the children's best interests required termination of her parental rights.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, we have explained that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has

---

[3]The children's respective fathers' parental rights were also terminated below.

been substantially disregarded or frustrated, the . . . case [will be] remanded for compliance with that process.

Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

At the outset, we must address the circuit court's adjudication of petitioner in regard to J.B.[4] Although not raised as a specific assignment of error, the record shows that J.B. was placed in a legal guardianship prior to the filing of the petition and that the DHHR failed to include any specific allegations in the petition that J.B. was exposed to domestic violence. As we recently explained,

[t]he mere fact that a child is in a legal guardianship at the time an abuse and neglect petition is filed does not preclude a circuit court from exercising subject matter jurisdiction in adjudicating whatever rights a respondent to that petition may still have to that child, provided that the child meets the definition of an "abused child" or "neglected child" as defined in West Virginia Code § 49-1-201 (2018) so as to confer that jurisdiction. To exercise subject matter jurisdiction, the court must make specific factual findings explaining how each child's health and welfare are being harmed or threatened by the allegedly abusive or neglectful conduct of the parties named in the petition. Due to the jurisdictional nature of this question, generalized findings applicable to all children named in the petition will not suffice; the circuit court must make specific findings with regard to each child so named.

Syl. Pt. 3, *In re B.V.*, -- W. Va. --, -- S.E.2d --, 2023 WL 2769431 (Jan. 10, 2023). Here, the court made no findings at all in regard to how J.B. was abused and/or neglected. Instead, it simply noted that petitioner stipulated to "domestic violence." While this stipulation may be sufficient in regard to K.A. and N.A., the two children in the home, the circuit court's failure to include any specific findings as to how the stipulation applied to J.B. is fatal.[5] In accordance with *B.V.* and the requirement that specific findings as to how each child is either abused and/or

---

[4]"'This Court, on its own motion, will take notice of lack of jurisdiction at any time or at any stage of the litigation pending therein.' Syl. Pt. 2, *In re Boggs' Estate*, 135 W.Va. 288, 63 S.E.2d 497 (1951)." Syl. Pt. 2, *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 801 S.E.2d 216 (2017).

[5]Aside from the circuit court's failure to make specific findings in accordance with *B.V.*, we must also conclude that, under the specific facts of this case, petitioner's stipulation to her adjudication cannot confer jurisdiction upon the circuit court over J.B. Not only are we without petitioner's written stipulation or the adjudicatory transcript necessary to add additional context to the specifics of petitioner's stipulation, but we have long explained that "[j]urisdiction of the person may be conferred by consent, . . . [but] jurisdiction of the subject-matter of litigation must exist as a matter of law." *Ellithorp v. Ellithorp*, 212 W. Va. 484, 490, 575 S.E.2d 94, 100 (2002) (citations omitted). Accordingly, vacation is required even though petitioner stipulated to her adjudication.

neglected are necessary in order for a court to exercise subject matter jurisdiction, the circuit court's January 25, 2022, adjudicatory order must be vacated, in part, as it pertains to J.B. only, and the matter must be remanded for the court to enter a new adjudicatory order satisfying these requirements in regard to J.B.

Finally, we are unable to properly address petitioner's assignment of error concerning the termination of her parental rights because this ruling was based on conclusory "findings" set forth in the court's dispositional order, which consisted only of checked boxes next to the statutory language it believed was applicable. In discussing the sufficiency of dispositional orders in abuse and neglect proceedings, we previously explained that

> [p]rocedurally, these various directives [set forth in the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes] also provide the necessary framework for appellate review of a circuit court's action. Where a lower court has not shown compliance with these requirements in a final order, and such cannot be readily gleaned by this Court from the record, the laudable and indispensable goal of proper appellate review is thwarted.

*Edward B.*, 210 W. Va. at 632, 558 S.E.2d at 631. We further explained that "[a]dequate findings must be made in order to protect the rights of litigants and to facilitate review of the record by an appellate court." *Id*. (citation omitted). Additionally, we have previously held that conclusory declarations are insufficient for termination of parental rights.

> Where a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia Code § [49-4-604(c)(6)] on the record or in the order, the order is inadequate.

*Edward B.*, 210 W. Va. at 624, 558 S.E.2d at 623, Syl. Pt. 4, in part. Because the circuit court failed to provide sufficient findings on the issues necessary for termination of petitioner's parental rights to the children, we must vacate the dispositional order and remand the matter for the entry of a new order containing detailed findings of fact and conclusions of law specific to petitioner in support of the dispositional alternative the court finds appropriate.[6]

For the foregoing reasons, we vacate, in part, the circuit court's January 25, 2022, adjudicatory order as it relates to J.B. only; vacate, in part, the May 2, 2022, dispositional order

---

[6]Petitioner also raises an assignment of error in which she asserts that the court erred in failing to grant her an improvement period. Our review reveals no ruling on petitioner's motion. As such, upon remand the circuit court is instructed to issue a ruling on the motion, including an order containing sufficient findings such that we may undertake appellate review.

with respect to all rulings involving petitioner mother S.M.;[7] and remand this matter to the circuit court for further proceedings, including but not limited to the entry of an order setting out the requisite findings as to whether J.B., the child in a legal guardianship, met the statutory definitions of an abused or neglected child, based on the evidence previously adduced. *See* W. Va. Code § 49-1-201. To the extent that evidence does not support such a determination, we further direct the circuit court to undertake such proceedings, consistent with this memorandum decision, as may be necessary to ascertain whether J.B. met the statutory definitions of an abused or neglected child, so that the circuit court might properly exercise jurisdiction. Additionally, we remand with instructions for the court to enter a new dispositional order addressing petitioner's motion for a post-adjudicatory improvement period and the termination of petitioner's parental rights consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated, in part, and Remanded, with directions.

**ISSUED**: June 13, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[7]The vacation of these orders applies only to petitioner. Those orders also adjudicated and terminated the respective fathers' parental rights, and they did not appeal those decisions. Accordingly, the portions of the orders concerning the fathers remains in full force and effect.